IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHYLLIS L. WALKER**                                                                           **PLAINTIFF**

v.                                    Case No. 4:22-cv-00449-JM

**DEPARTMENT OF AGRICULTURE;**
**TYSON FOODS, INC.**[1]                                                                        **DEFENDANTS**

## ORDER

Plaintiff Phyllis Walker filed two *pro se* employment actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, in this district. *See Walker v. Dep.'t of Agriculture*, 4:22-cv-00450-JM. On initial review, the Court questioned whether consolidation of Ms. Walker's two cases was necessary. (Doc. 9). The Defendant's objection to the consolidation is well taken, and the Court will not consolidate the cases. (Doc. 12).

Walker's motion to proceed *in forma pauperis* (Doc. 1) is granted. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)). Walker's motion for the appointment of counsel (Doc. 3) is denied. Before the Court had an opportunity to screen Walker's complaint under 28 U.S.C. 1915(e)(2), Defendant moved to dismiss the complaint as filed outside of the ninety-day limitation period provided by statute. (Doc. 9). Walker has not responded and the time to do so has passed. As will be discussed below, Defendant's motion (Doc. 9) is granted.

The Court must analyze this issue as provided under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Unlike analysis under Rule 12(b)(6), Rule 12(b)(1) allows the Court to consider matters outside of the pleadings.

---

[1] Tyson Food Inc. was improperly added as a Defendant on initial review. The Court directs the Clerk of Court to terminate Tyson Food Inc. as a named Defendant.

> [H]ere the trial court may proceed as it never could under 12(b)(6) or FED. R. CIV. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990)(quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Walker alleges that she suffered workplace discrimination during her employment as a Food Inspector with the United States Department of Agriculture's Food and Inspection Service in September 2018. (Doc. 2-1 at 2). Walker timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), but her charge was denied. (*Id*. at 5). Both Walker's appeal of that decision and request for reconsideration of the denial of appellate ruling were also denied. (*Id.* at 4-14). Having exhausted her administrative remedies, Walker was instructed that an appeal of that ruling must be filed in federal court within ninety days of the receipt of the notice of dismissal. (*Id*. at 13).

The statutory ninety-day requirement is mandatory and requires a party to bring a civil action within ninety days of receiving the EEOC notice of dismissal. 42 U.S.C. § 2000e–5(f)(1). Failure to file a complaint within this time-frame precludes the consideration of the claims. *Hales v. Casey's Marketing Co.*, 886 F.3d 730, 736 (8th Cir. 2018). "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Id*. (citing *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989)). In her complaint Walker states that she received the notice of right to sue on January 27, 2022. (Doc. 2-1 at 2). Because January 27th is the date the letter was issued, the Court could

find Walker received the letter within three days of that mailing date. *Id*. (citing Fed. R. Civ. P. 6(d); *also citing Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (per curiam) (stating that the presumed date of receipt for an EEOC right to sue letter was January 30 after it was mailed January 27)). However, Defendant provides the certificate of mailing, which plainly stated the letter would be presumed received within five days of its issuance. (Doc. 10-1 at 4). Thus, giving Walker the benefit of the full five day period for receipt, Walker would have received notice no later than February 1, 2022. As a result, Walker had until May 2, 2022 to timely initiate her federal claim. Because Walker did not file her complaint until May 13, 2022, the Court determines it was untimely filed. Walker's complaint is dismissed with prejudice.

IT IS SO ORDERED this 1st day of September, 2022.

_____
UNITED STATES DISTRICT JUDGE